IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

THE LINWOOD GROUP, LLC,           )
                                  )
                Plaintiff,        )     CIVIL ACTION
                                  )
v.                                )     No.  10-1297-MLB-KMH
                                  )
LP LINWOOD VILLAGE APARTMENTS,    )
LLC, MACCO PROPERTIES, INC., and  )
LEW S. MCGINNIS,                  )
                                  )
                Defendants.       )
_____)

MEMORANDUM AND ORDER

     This case comes before the court on defendants'[1] motion for judgment on the pleadings against plaintiff's first through fourth causes of action. (Doc. 12).  The matter has been fully briefed and is ripe for decision.  (Docs. 13, 18, 24).  For the reasons stated herein, defendants' motion is denied, without prejudice.

I.   INTRODUCTION

     On August 3, 2010, plaintiff filed its first amended petition in the Eighteenth Judicial District, District Court, Sedgwick County, Kansas.  On September 3, 2010, the matter was removed to this court.

     In Counts 1 through 3, plaintiff alleges fraud, fraudulent concealment, and conspiracy to defraud.  In Count 4, plaintiff alleges breach of fiduciary duty.  Defendants contend that plaintiff's first amended petition fails to meet the particularity requirement under

_____

[1] Defendant Macco Properties, Inc. is a debtor before the United States Bankruptcy Court for the Western District of Oklahoma, Case No. 10-16682.  On August 1, 2011, plaintiff filed a notice that the bankruptcy court granted its relief from stay on June 30, 2011. (Doc. 28).

Federal Rule of Civil Procedure 9(b) for the fraud counts. Defendants also contend that plaintiff's fiduciary duty claim fails to state a claim upon which relief can be granted because defendants owed no fiduciary duty to plaintiff.

Plaintiff opposes defendants' motion for judgment on the pleadings and argues that its first amended petition is sufficient under 9(b). Alternatively, plaintiff requests leave from the court to file the proposed amended complaint that is attached to its response. (Doc. 18-1). Plaintiff also responds that entering judgment in favor of defendants on the fiduciary duty claim is inappropriate at this time because of the facts.

## II.   STANDARDS

Defendants' motion is made pursuant to Federal Rule of Civil Procedure 12(h)(2)(A) and (B), which preserves 12(b)(6) motions from waiver and untimeliness until the end of trial.[2] Weatherhead v. Globe Intern., Inc., 832 F.2d 1226, 1228 (10th Cir. 1987) ("Pursuant to Fed. R. Civ. P. 12(h)(2), a motion to dismiss may be 'made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits.'"). "Rule 12(h)(2) permits the court to consider '[a] defense of failure to state a claim upon which relief can be granted' within a Rule 12(c) motion for judgment on the pleadings[.]" Brocks v. Board of County Com'rs of Sedgwick County, No. 08-1134-WEB, 2008 WL 5095997, *2 (D. Kan. Nov. 26, 2008).

---

[2] "Technically, it is impermissible to file an answer and thereafter file a Rule 12(b)(6) motion to dismiss." Brocks v. Board of County Com'rs of Sedgwick County, No. 08-1134-WEB, 2008 WL 5095997, *2 (D. Kan. Nov. 26, 2008).

Because the distinction between 12(b)(6) and 12(c) is purely procedural formality, the court applies the 12(b)(6) standards to defendants' 12(c) motion for judgment on the pleadings.  Id.

The standards this court must utilize upon a motion to dismiss are well known.  To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009) (expanding Atl. Corp. v. Twombly, 550 U.S. 544, (2007) to discrimination suits); Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008).  All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to the plaintiff.  Archuleta v. Wagner, 523 F.3d 1278, 1283 (10th Cir. 2008).  Conclusory allegations, however, have no bearing upon this court's consideration.  Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007).  In the end, the issue is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims.  Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005).

III.  ANALYSIS

Fraud Counts 1-3

Defendants claim that plaintiff failed to plead its fraud claims with particularity in accordance with Fed. R. Civ. P. 9(b).  All claims for fraud or mistake must be pleaded with particularity.  Fed. R. Civ. P. 9(b); Koch v. Koch Industries, Inc., 203 F.3d 1202, 1236 (10th Cir. 2000).  However, malice, intent, and knowledge may be averred generally.  Id.  The requirements of 9(b) provide defendants with fair notice of plaintiff's claims and the factual circumstances

-3-

supporting those claims.  The Tenth Circuit "requires a complaint alleging fraud to 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'"  Id.  "'In other words, the plaintiff must set out the who, what, where, and when of the alleged fraud.'" Jamieson v. Vatterott Educational Center, Inc., 473 F. Supp. 2d 1153, 1156 (D. Kan. 2007) (quoting Plastic Packaging Corp. v. Sun Chem. Corp., 136 F. Supp. 2d 1201, 1203 (D. Kan. 2001)).

The court agrees with defendants that plaintiff's first amended petition does not meet the particularity requirement under Rule 9(b) because it does not include specific dates (when) or the identity of the person making the material misrepresentations.  Nor does the petition identify who fraudulently concealed material facts related to the rent rolls detailed in paragraph 9(A).

In the alternative, plaintiff has requested leave to file an amended complaint and has attached it to its response.  In their reply, defendants claim that plaintiff's proposed amended complaint is also insufficient under Rule 9(b).  Specifically, defendants focus on paragraph 16 and ask that it be stricken in the event plaintiff is granted leave to amend.

Defendants claim that paragraph 16 of plaintiff's proposed amended complaint is insufficient "insofar as it is based upon allegedly false 'rent rolls.'" (Doc. 24 at 2).  Defendants claim that the rent rolls are at the heart of plaintiff's allegations and as a result, plaintiff "should be required to identify the offending documents with specificity."  (Doc. 24 at 2).

Paragraph 16 provides the subject of the concealed fraud (rent

-4-

rolls) and the nature of the fraud (rent rolls were falsified by listing non-paying tenants as rent-paying tenants or not accurately documenting abandoned apartments).    However, plaintiff does not include specific dates or specify which documents were falsified.

In paragraphs 9-15, plaintiff alleges facts dating from December 31, 2006, to June 3, 2008.    Presumably, the rent rolls plaintiff refers to in paragraph 16 reflect this time period, but perhaps not. Failing to identify a specific time period will not suffice under Rule 9(b).   See, e.g., Koch, 203 F.3d at 1237; Jamieson, 473 F. Supp. 2d at 1157.

Nor does plaintiff identify which rent rolls[3] contained the alleged falsities.   Presumably, not every rent roll contains false statements or omissions and plaintiff should identify which specific rent rolls contain the alleged falsities.   See Shaffer v. Eden, 209 F.R.D. 460, 463 (D. Kan. 2002) (stating that the plaintiff should identify documents or other communications which may contain the false statements).    It is worth mentioning that paragraph 16 and subparagraph A are almost identical to plaintiff's first amended petition, which is insufficient under Rule 9(b).

The court finds that plaintiff's proposed amended complaint, with the exception of paragraph 16, comports with the particularity requirements under Rule 9(b) as to Counts 1-3. Plaintiff provides the subject and nature of the fraud as well as specific dates and identities of the persons making the alleged misrepresentations.

---

[3] Defendants define a rent roll as "a specific document that contains specific information, namely, occupancy and rental-rate data for specific properties for specific periods of time."  (Doc. 24 at 2).

Plaintiff may move to amend its complaint again to revise paragraph 16 and its subsections provided that it meets the requirements under Rule 9(b).  See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires").

Fiduciary Duty Count 4

The Tenth Circuit has highlighted two types of fiduciary relationships under Kansas law:

> (1) those specifically created by contract such as principal and agent, attorney and client, and trustee cestui que trust, for example, and those created by formal legal proceedings such as guardian and/or conservator and ward, and executor and administrator of an estate, among others, and (2) those implied in law due to the factual situation surrounding the involved transactions and the relationship of the parties to each other and to the questioned transactions.

Rajala v. Allied Corp., 919 F.2d 610, 614 (10th Cir. 1990) (quoting Denison State Bank v. Madeira, 230 Kan. 684, 691, 640 P.2d 1235, 1241 (1982)).  In this case, plaintiff alleges that the second type of fiduciary relationship exists between the parties because defendants had superior knowledge regarding the apartment tenant capacity and financial viability which could not be discovered through reasonable diligence by plaintiff.

The existence of the second type of fiduciary relationship is heavily dependent on the facts and circumstances of this case. Rajala, 919 F.2d at 614.  In Rajala, the Tenth Circuit examined Kansas law as to what "broad principles ... should be considered in making the determination of whether a fiduciary relationship exists in any particular factual situation:"

> A fiduciary relationship imparts a position of peculiar confidence placed by one individual in another. A fiduciary is a person with a duty

-6-

to act primarily for the benefit of another. A fiduciary is in a position to have and exercise, and does have and exercise influence over another. A fiduciary relationship implies a condition of superiority of one of the parties over the other. Generally, in a fiduciary relationship, the property, interest or authority of the other is placed in the charge of the fiduciary.

*       *       *

The court in <u>Denison</u> made clear that each of the general considerations listed above need not be present in every case in which a fiduciary relationship is alleged. However, the court emphasized that an overriding consideration in the law of fiduciary relationships was that "one may not abandon all caution and responsibility for his own protection and unilaterally impose a fiduciary relationship on another without a conscious assumption of such duties by the one sought to be held liable as a fiduciary. " <u>Denison</u>, 230 Kan. at 696, 640 P.2d at 1243-44 .... The court went on to state that "[t]his is particularly true when one ... is fully competent and able to protect his own interests." <u>Id.</u>

A fiduciary relationship whereby both parties assume fiduciary obligations to each other or to a common entity similarly requires a conscious assumption of fiduciary obligations by the parties. For example, in <u>Paul v. North</u>, 191 Kan. 163, 380 P.2d 421 (1963), the Supreme Court of Kansas stated that fiduciary relationships

"may arise out of conduct of the parties evidencing an agreement to engage in a joint enterprise for the mutual benefit of the parties.... But they necessarily spring from an attitude of trust and confidence and are based upon some form of agreement, either expressed or implied, from which it can be said that the minds have met in a manner to create mutual obligations."

<u>Id.</u> 191 Kan. at 170, 380 P.2d at 426 .... Although a fiduciary relationship may arise out of an agreement to act together for the mutual benefit of the parties, such a relationship cannot be established by accident or inadvertence.

-7-

> "Mere concert of action without more, does not establish a fiduciary relationship .... Undoubtedly, parties may deal at arm's length for their mutual profit. It is only when, by their concerted action, they willingly and knowingly act for one another in a manner to impose mutual trust and confidence that a fiduciary relationship arises."
>
> This court has also recognized that conscious assumption of the alleged fiduciary duty is a mandatory element under Kansas law. ...
>
> Although the courts of Kansas have suggested that a somewhat more protective approach may be used when one party is under a disability or disadvantage, ... this more protective approach will ordinarily not be utilized as between two or more business people or business entities who each possess the capacity to protect themselves. ... The Supreme Court of Kansas has cautioned against an approach which would unfairly "convert ordinary day-to-day business transactions into fiduciary relationships where none were intended or anticipated."

Id. at 614-15.

Plaintiff cites Wolf v. Brungardt, 215 Kan. 272, 524 P.2d 726 (1974) in support of its position. In Wolf, the appellees sought to recover damages against the appellants for fraud and breach of contract. The Kansas Supreme Court held that one of the appellants (the original owner of a dealership) owed a fiduciary duty to the appellee (the buyer and partner of the dealership). Because there was a fiduciary duty between the parties, the buyer's responsibility of due diligence to discover the fraud was reduced. Wolf, 215 Kan. at 284, 524 P.2d at 736.

The court finds that Wolf is not factually similar. In Wolf, the new partner was a nineteen-year-old kid with limited business and book-keeping knowledge. Both the owner and the defendant bank assured the kid and his mother that buying into the dealership was a good investment.

-8-

Here, the parties are companies presumably doing business at arms length.  While plaintiff alleges that it relied on defendants' representations and had unequal access to the truth regarding apartment's capacity and financial viability, the court finds that this alone is insufficient to establish a fiduciary relationship under the facts of this case.

Plaintiff has not alleged that defendants acted for plaintiff's benefit.  Nor does the court find that defendants directly or indirectly assumed some fiduciary duty on plaintiff's behalf, a mandatory element under Kansas law.  <u>Rajala</u>, 919 F.2d at 614.

It is obvious that the owner/seller of an apartment complex will have superior knowledge as to the apartment's financial viability than the buyer, but this alone is not reason to impute a fiduciary relationship between the buyer and seller.  See <u>Ritchie Enterprises v. Honeywell Bull, Inc.</u>, 730 F. Supp. 1041, 1054 (D. Kan. 1990) ("Since it almost goes without saying that the seller of a product will likely know more about its features and capabilities than would the buyer, this superior knowledge is hardly a basis for grounding a fiduciary relationship.").  Plaintiff may amend its complaint to allege facts showing the existence of a fiduciary relationship under Kansas law.

## IV. CONCLUSION

Defendants' motion for judgment on the pleadings (Doc. 12) is denied, without prejudice.

Plaintiff's request for leave to file its amended complaint (Doc. 18) is granted. The amended complaint must be filed on or before September 2, 2011. Any motion directed to the amended complaint shall

be filed no later than September 16, 2011.

A motion for reconsideration of this order is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. <u>Comeau v. Rupp</u>, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.


IT IS SO ORDERED.

Dated this   <u>15th</u>   day of August 2011, at Wichita, Kansas.


<u>s/ Monti Belot</u>
Monti L. Belot
UNITED STATES DISTRICT JUDGE

-10-